THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
IN ADMIRALTY

Civil Action No.:_____

| | |
|---|---|
| KENNETH KIROUAC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT** |
| | ) |
| PCL CONSTRUCTION RESOURCES (USA) INC. | ) |
| | ) |
| Defendant. | ) |

ACTION UNDER SPECIAL RULES FOR SEAMEN TO SUE WITHOUT PREPAYMENT OF COSTS AND WITHOUT SECURITY THEREFOR, PURSUANT TO 28 U.S.C. § 1916.

Plaintiff **KENNETH KIROUAC**, by and through undersigned counsel, files this Complaint against Defendant **PCL CONSTRUCTION RESOURCES (USA) INC.,** and alleges as follows:

**Parties**

1. Plaintiff KENNETH KIROUAC (hereinafter referred to as "Plaintiff") is an American citizen and as an American seaman brings this action pursuant to the Jones Act and 28 U.S.C.A. §1916 without prepaying fees or costs or furnishing security therefore.

2. Plaintiff is a resident of Concord, Cabarrus County, North Carolina.

3. Defendant, PCL CONSTRUCTION RESOURCES (USA) INC. (hereinafter referred to as "Defendant") is a Colorado based corporation, with a principal place of business at 2000 South Colorado Blvd, Tower Two, Suite 2-500, Denver, Colorado 80222. Defendant is

licensed to do business in North Carolina, and maintains minimum contacts with the State of North Carolina to satisfy the due process clause of the United States Constitution. This Defendant may be served with the complaint by serving its registered agent for service National Registered Agents, Inc., 1675 Broadway, Suite 1200, Denver, Colorado 80202-4682.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction pursuant to the Jones Act, 46 U.S.C. §30104, and the general maritime law of the United States. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a) and (c), as a substantial part of the events or omissions giving rise to the claims asserted here occurred in this District and Division, Defendant is licensed to do business in North Carolina, and maintains minimum contacts with the State of North Carolina to satisfy the due process clause of the United States Constitution.

**Factual Background**

6. At all pertinent times, Defendant owned, operated, directed, controlled, managed, navigated, outfitted, manned, and/or maintained in commercial navigation on the navigable waters of the United States, including the waters at Nags Head, North Carolina, and its tributaries, a fleet of vessels, including the vessel (hereinafter referred to as "the Work Barge") upon which the Plaintiff was assigned.

7. Plaintiff's work assignment changed in October 2012, at which time he was assigned to perform all of his duties aboard the Work Barge.

8. At all pertinent times, Defendant owned the Work Barge.

9. On February 5, 2013, Plaintiff was employed as a Jones Act seaman aboard the

Work Barge by Defendant as a power driver.

10. On February 5, 2013, Plaintiff sustained injuries while in service to the Work Barge near Nags Head, North Carolina. The Plaintiff was ordered to use a 5' pry bar to help move rigging over a pile while standing on a very narrow steel template. The pry bar slipped out from between the rigging and pile causing him to lose his footing and balance and fall onto another template, to avoid falling in open water.

11. Defendant was negligent for not providing adequate guards or barriers on the steel template where the Plaintiff was standing, and for failing to identify the hazard and risk that was inflicted on the Plaintiff.

12. Defendant failed to adequately plan or prepare a safe course of action regarding this task.

13. Defendant failed to provide the proper safety equipment such as a safety harness, or a manlift.

14. As a result of the fall, Plaintiff suffers from severe and disabling injuries, including multiple fractures to his right wrist, which proximately caused Plaintiff to develop Reflex Sympathetic Dystrophy (RSD).

15. By reason of the foregoing, Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

## Count I – Jones Act Negligence

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Under the Jones Act, 46 U.S.C. § 30104, Defendant owed a duty to the Plaintiff to provide him with a safe place to work, and to furnish a safe, seaworthy vessel, appliances, appurtenances, equipment and personnel.

18. Notwithstanding these duties, Defendant was negligent by failing to provide Plaintiff with a safe place to work, seaworthy vessel, appliances, appurtenances, equipment, and personnel.

19. The personal injuries sustained by Plaintiff were caused and contributed to, in whole or in part, by the negligence of Defendant, through its owners, officers, supervisors, agents, servants and/or employees, masters and officers of the Work Barge (apart from Plaintiff), acting within the scope of their respective employment, include the following:

    a. Past and future pain, suffering, disability, impairment, and disfigurement;

    b. Past and future medical, therapy, pharmaceutical, and related health care expenses;

    c. Past and future loss of earnings and earning capacity.

## Count II – Jones Act Negligence *per se*

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Under the Jones Act, 46 U.S.C § 30104, Defendant is liable for any injury caused by the violation of a statute or regulation enacted for the safety of its Jones Act employees.

22. Upon information and belief, the Defendant violated one or more applicable federal, state, and local statutes or regulations enacted for the safety of the seamen working onboard the Work Barge, including the Plaintiff.

23. The Plaintiff's injury was of the type which the violated statute or regulation was designed to prevent.

24. The personal injuries sustained by Plaintiff were caused and contributed to, in whole or in part, by the Defendant's violation of the applicable federal, state, and local statute or regulation.

### Count III – General Maritime Law Unseaworthiness

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. As owner and operator of the Work Barge, Defendant owed to the Plaintiff an absolute and non-delegable duty to provide him with a safe place to work and furnish for him a safe, seaworthy vessel, appliances, appurtenances, equipment, and personnel.

27. Notwithstanding these duties and warranties, Defendant breached its above-described duties by failing to provide Plaintiff with a safe, seaworthy vessel, appliances, appurtenances, equipment, and personnel. Specifically, the Defendant furnished a narrow and unsafe template on which the Plaintiff had to stand while completing the task that was assigned to him.

28. The injuries sustained by the Plaintiff were proximately caused and/or substantially contributed to by the unseaworthiness of the Work Barge include the following:

    a. Past and future pain, suffering, disability, impairment, and disfigurement;

    b. Past and future medical, therapy, pharmaceutical, and related health care expenses; and

    c. Past and future loss of earnings and earning capacity.

### Count IV – General Maritime Law and Maintenance and Cure

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Under the general maritime law, Defendant has a duty to provide to Plaintiff maintenance and cure due to injuries Plaintiff sustained during the course of his employment, and to the extent this duty is not discharged Plaintiff seeks any and all such sums for his medical, therapy, pharmaceutical, and related health care expenses, and reasonable and necessary living expenses, all as authorized by the general maritime law, until he has reached maximum medical improvement.

**WHEREFORE**, Plaintiff prays for the following:

    a.    Jury trial on all issues so triable;

    b.    Actual damages in excess of the minimum jurisdictional limits of this Court;

    b.    Pre-Judgment interest at the maximum legal rate;

    c.    Post-Judgment interest at the maximum legal rate;

    d.    Costs of Court; and

    e.    Such other and further relief, special and general, legal and equitable, to which Plaintiff may show himself justly entitled.

Dated: July 21, 2014.

/s/ Geoffrey A. Losee
Geoffrey A. Losee
NC State Bar No. 21185
Email: glosee@rountreelosee.com
Jason L. Kesler
NC State Bar No. 36866
Email: jkesler@rountreelosee.com
Andrew R. Jones
NC State Bar No. 46161
Email: ajones@rountreelosee.com
Rountree Losee LLP
Post Office Box 1409
Wilmington, NC 28402-1409
Telephone: (910) 763-3404
Fax: (910) 763-0080
***LR 83.1 Counsel for Plaintiff Kenneth Kirouac***

and

/s/ Matthew D. Shaffer
Matthew D. Shaffer
TBA # 18085600
Schechter McElwee Shaffer &Harriss, L.L.P.
3200 Travis, 3rd Floor
Houston, TX 77006
(713) 524-3500 / Fax: (713) 751-0412
Email: mshaffer@smslegal.com
**COUNSEL FOR PLAINTIFF KENNETH KIROUAC**